## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **CHRISTOPHER JEWELL,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | No. 11-_____ |
| | : | |
| **UNITED STATES OF AMERICA;** | : | **JURY TRIAL DEMANDED** |
| **LIEUTENANT MORALES; LIEUTENANT** | : | |
| **ELLIOTT; CORRECTIONAL OFFICER G.** | : | |
| **BURRIS; CORRECTIONAL OFFICER T.** | : | |
| **WOLFE; and COUNSELOR MCLEAN,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1.      This is an action brought under the Federal Tort Claims Act and the United States

Constitution related to the defendants' unlawful failure to protect plaintiff from a foreseeable

physical assault by a fellow inmate at the Federal Detention Center in Philadelphia, which

assault caused plaintiff serious physical and emotional injuries.

### II. JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this Complaint under the

Eighth Amendment to the United States Constitution and 28 U.S.C. §§ 1331, 1346(b), and 1367.

3.      On June 7, 2010, an Administrative Tort Claim was submitted by plaintiff to the

U.S. Department of Justice Federal Bureau of Prisons.  The claim was denied on December 3,

2010.

4.     Venue is properly with this District under 28 U.S.C. § 1402(b) as plaintiff resides in Philadelphia, Pennsylvania and the actions at issue in this matter occurred in Philadelphia, Pennsylvania.

### III. PARTIES

5.     Plaintiff Christopher Jewell, who is 54 years old, was at all times relevant to this Complaint a resident of Philadelphia, Pennsylvania.

6.     Defendant United States of America is the appropriate defendant under the Federal Tort Claims Act.

7.     Defendant Lieutenant Morales was at all times relevant to this Complaint employed as a supervising lieutenant by the U.S. Department of Justice Federal Bureau of Prisons ("BOP") and assigned to the Federal Detention Center in Philadelphia, Pennsylvania ("FDC"). He is sued in his individual capacity.

8.     Defendant Lieutenant Elliott was at all times relevant to this Complaint employed as a supervising lieutenant by the BOP and assigned to the FDC. She is sued in her individual capacity.

9.     Defendant Correctional Officer G. Burris was at all times relevant to this Complaint employed as a correctional officer by the BOP and assigned to the FDC. He is sued in his individual capacity.

10.     Defendant Correctional Officer T. Wolfe was at all times relevant to this Complaint employed as a correctional officer by the BOP and assigned to the FDC. She is sued in her individual capacity.

11.     Defendant Counselor McLean was at all times relevant to this Complaint employed as a counselor by the BOP and assigned to the FDC.  She is sued in her individual capacity.

12.     At all times relevant to this Complaint, defendants Morales, Elliott, Burris, Wolfe, and McLean were acting within the scope and course of their employment with the BOP.

13.     At all times relevant to this Complaint, defendants Morales, Elliott, Burris, Wolfe, and McLean acted in concert and conspiracy and were jointly and severally responsible for the harms caused to plaintiff.

## IV.  FACTUAL ALLEGATIONS

14.     As a result of a petition to revoke his supervised release arising out of a conviction for mail fraud in the U.S. District Court for the Eastern District of Pennsylvania, plaintiff was taken into the custody of BOP in May, 2009, and held at the FDC beginning May 9, 2009.

15.     Shortly after his arrival, plaintiff was housed in a cell with inmate Lamont Cummings on the housing block known as 5-North.

16.     Immediately after plaintiff was placed in Cummings' cell, Cummings began to act in a physically menacing way toward plaintiff, expressly threatening plaintiff's life on several occasions.

17.     Cummings told other inmates on the block, in plaintiff's presence, "I'm going to get him."

18.     As a result of Cummings' statements to plaintiff and other inmates and in light of Cummings' actions and demeanor, plaintiff feared that his life was in danger.

19.     Fearing for his life, plaintiff began making requests to FDC staff members that he or Cummings be moved to a different cell.

20.     On the morning of May 15, 2009, plaintiff informed defendant McLean, a counselor assigned to the 5-North block, that he was concerned that Cummings posed a danger to him.

21.     Defendant McLean directed plaintiff to write a formal "request to staff."

22.     Plaintiff immediately complied with this instruction and submitted the request to defendant McLean within minutes of defendant McLean's instructions to plaintiff.

23.     Defendant McLean took no action on plaintiff's request to staff.

24.     When the request to staff failed to result in plaintiff being moved, on May 16, 2009, plaintiff approached defendant Burris, a correctional officer assigned to the 5-North block, and specifically stated to defendant Burris that his cellmate, Cummings, had threatened his life.

25.     Plaintiff observed as defendant Burris made a notation, and subsequently discussed with defendants Morales and Elliott, both lieutenants with supervisory authority at the FDC, plaintiff's fears and requests to change cells.

26.     Defendants Burris, Morales, and Elliot took no actions to address plaintiff's concerns for his safety or his request to change cells.

27.     Later on May 16, 2009, defendant Morales informed plaintiff that there was a chance plaintiff could be moved to a different cell within a few days.

28.     Despite defendant Morales' knowledge that plaintiff was assigned to the same cell as Cummings and would have no choice but to have further contact with Cummings, defendant Morales suggested that plaintiff could avoid Cummings.

29.     On the evening of May 16, 2009, plaintiff returned to his cell, where, pursuant to FDC policy, he was locked in with Cummings for the duration of the night.

30.     Throughout the night, Cummings continued to threaten plaintiff, and placed him in even greater fear for his safety.

31.     On the morning of May 17, 2009, immediately after cells on the 5-North block were opened, plaintiff approached defendant Wolfe, a correctional officer assigned to the 5-North block, and requested that she move plaintiff to a different cell because of Cummings' threats.

32.     Defendant Wolfe, who was speaking on the telephone to another individual at the time, stated, in plaintiff's presence, "I'm not in the mood to make cell changes today."

33.     When plaintiff persisted in requesting to be moved, defendant Wolfe summoned defendants Morales and Elliott.

34.     Defendants Wolfe, Morales, and Elliott took no action in response to plaintiff's concerns for his safety or his request to change cells.

35.     Later that morning, plaintiff returned to his cell for a daily "lockdown" of all cells on the 5-North block.

36.     During the "lockdown" period, defendant Morales entered plaintiff's cell, and, addressing both plaintiff and Cummings, stated that plaintiff and Cummings would have to "learn to live together," and threatened that further complaints by plaintiff would result in punishment.

37.     Defendant Morales left the cell and locked plaintiff and Cummings in the cell once again.

38.     Throughout the remainder of the "lockdown" period, Cummings continued to threaten plaintiff.

39.     At approximately 11:00 a.m., defendant Wolfe unlocked the cell doors, and Cummings left the cell, leaving plaintiff by himself.

40.     Shortly thereafter, Cummings returned to the cell and, without provocation, began punching plaintiff in the head and face, striking him at least six times.

41.     Plaintiff was immediately taken to the medical unit of the FDC, where he was given preliminary treatment for his injuries.  Thereafter, plaintiff was taken to Aria Hospital in Northeast Philadelphia.

42.     Although plaintiff requested to be taken to an emergency room, FDC staff members waited a full day before taking him to Aria Hospital in Northeast Philadelphia.

43.     As a result of the attack, plaintiff suffered a broken nose, fractured nasal bones, a subdural hemorrhage, and several other head and eye injuries, as well as a blood clot in his leg. Plaintiff remained hospitalized for approximately seven days.

44.     Plaintiff received extensive treatment for these injuries, and continues to suffer from pain, dizziness, and blurred vision, as well as mental health ailments including posttraumatic stress disorder, some or all of which may be permanent.

45.     As a result of information received from plaintiff, defendants Morales, Elliott, Burris, Wolfe, and McLean knew or should have known that plaintiff faced a specific and immediate threat to his safety.

46.     Defendants Morales, Elliott, Burris, Wolfe, and McLean, with deliberate indifference to the specific and immediate threat to plaintiff's safety, failed to take action to protect plaintiff.

47.     The actions and inactions of defendants Morales, Elliott, Burris, Wolfe, and McLean were unrelated to any BOP policy or policy-making, but, rather, were borne out of laziness, inattentiveness, and/or carelessness.

48.     As a direct and proximate result of the conduct of defendants Morales, Elliott, Burris, Wolfe, and McLean, plaintiff suffered substantial damages, including pain and suffering, emotional distress and harm, embarrassment, loss of the enjoyment of life, and lost wages.

49.     At all times relevant to this Complaint, the conduct of defendants Morales, Elliott, Burris, Wolfe, and McLean was in willful, reckless, and callous disregard of plaintiff's rights under federal and state law.

## V.  CAUSES OF ACTION

### Count I
### Plaintiff v. Defendant United States of America
### Federal Tort Claims Act – Negligence

50.     Defendants Morales, Elliott, Burris, Wolfe, and McLean owed a duty to plaintiff, breached their duty to plaintiff, and, as such, were a direct and proximate cause and a substantial factor in bringing about plaintiff's damages outlined above.

51.     The actions of defendants Morales, Elliott, Burris, Wolfe, and McLean constitute the tort of negligence under the laws of the Commonwealth of Pennsylvania.

52.     Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

### Count II
### Plaintiff v. Defendant United States of America
### Federal Tort Claims Act – Reckless Disregard of Safety

53.     Defendants Morales, Elliott, Burris, Wolfe, and McLean knew or should have known that plaintiff faced a specific and immediate risk of physical harm and knew or should

have known that they had a duty to address the risk of harm to plaintiff, but, knowing that their failure to act posed an unreasonable risk of physical harm to plaintiff, failed to act in reckless disregard of the risk to plaintiff's safety.

54. The actions of defendants Morales, Elliott, Burris, Wolfe, and McLean constitute the tort of Reckless Disregard of Safety under the laws of the Commonwealth of Pennsylvania.

55. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

**Count III**
**Plaintiff v. Defendant United States of America**
**Federal Tort Claims Act – Violation of Common Law Duty to Protect**

56. Defendants Morales, Elliott, Burris, Wolfe, and McLean were aware of plaintiff's particular status or unique situation, had knowledge of the potential for the particular harm which plaintiff suffered, and voluntarily assumed, in light of the knowledge, to protect plaintiff from the precise harm which was occasioned.

57. The actions of defendants Morales, Elliott, Burris, Wolfe, and McLean constitute a violation of the common law duty to protect under the laws of the Commonwealth of Pennsylvania.

58. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

**Count IV**
**Plaintiff v. Defendants Morales, Elliott, Burris, Wolfe, and McLean**
**Federal Constitutional Claim – Violation of Eighth Amendment**

59. Defendants Morales, Elliott, Burris, Wolfe, and McLean, with deliberate indifference, failed to take actions to protect plaintiff despite their knowledge of a substantial risk of serious harm to plaintiff.

8

60.     The actions of defendants Morales, Elliott, Burris, Wolfe, and McLean thereby violated plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

**Wherefore**, plaintiff respectfully requests:

A.      Compensatory damages as to all defendants;

B.      Punitive damages as to defendants Morales, Elliott, Burris, Wolfe, and McLean;

C.      Reasonable attorneys' fees and costs as to all defendants;

D.      Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial on Count IV above.

Jonathan H. Feinberg
I.D. No. 88227
KAIRYS, RUDOVSKY, MESSING & FEINBERG
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400
(215) 925-5365 (fax)

*Counsel for Plaintiff*